FILED
2014 Apr-07  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>C-34J   4/82 | **SUMMONS — CIVIL** | Case Number<br>CV201300933<br>CV<br>ID    YR      Number |
| --- | --- | --- |

IN THE     **CIRCUIT**     COURT OF     **JEFFERSON**     COUNTY

**Plaintiff** ATLANTA-BIRMINHAM    vs **Defendant** NEXT GEAR CAPITAL
AUTOMOTIVE GROUP, LLC

NOTICE TO Next Gear Next Gear Capital Inc.,c/o CSC Lawyers Incorporating Services Inc.

2 North Jackson St, Suite 605, Montgomery AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY_____ Charles I. Brooks

The Brooks Law Firm, P.C. _____ WHOSE ADDRESS IS _____
2 North 20th Street, Suite 1100, Birmingham, AL 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐   TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

☐   This service by certified mail of this summons is initiated upon the written request of_____
pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

DEC 1 6 2013      Anne-Marie Adams FILED IN OFFICE
DATE            CLERK/REGISTER

DEC 05 2013
ANNE-MARIE ADAMS
Clerk

**RETURN ON SERVICE:**

☐   Certified Mail return receipt received in this office on (Date)_____
(Return receipt hereto attached).

☐   I certify that I personally delivered a copy of the Summons and Complaint to_____
_____in_____County, Alabama
on (Date)_____.

DATE _____
ADDRESS
OF SERVER _____

SERVER SIGNATURE _____

TYPE OF PROCESS SERVER _____

COURT RECORD (White)    ADDRESSEE (Green)

IN THE CIRCUIT COURT
OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

DEC 05 2013

ANNE-MARIE ADAMS
Clerk

ATLANTA-BIRMINHAM
AUTOMOTIVE GROUP, LLC,

      Plaintiff,

v.

NEXT GEAR CAPITAL

      Defendants.

\* \* \* \* \* \* \* \* \*

CASE NO.

CV201300933

## COMPLAINT

**COMES NOW the Plaintiff, Atlanta Birmingham Automotive Group, LLC** by

and through their undersigned counsel and submits this Complaint.

### I. Jurisdiction

1.     Jurisdiction in this Court is based on Alabama Common Law, and all

allegations of wrongdoing took place within the State of Alabama.

### II. Parties

2.     Plaintiff, Atlanta Birmingham Automotive Group, LLC, (hereafter referred to as

"Plaintiff") is a small business working within the State of Alabama during the time of the

allegations made the basis of this complaint.

3.     Defendant, Next Gear Capital, LLC, (hereafter referred to as

"Defendant") is an entity subject to suit under Alabama State Law because it is located

within the State of Alabama, Jefferson County, and employs agents in Jefferson County,

Alabama.

### III. Facts

On or about June 2013, Brent Robinson informed several financial institutions Atlanta –Birmingham Automotive Group LLC was filing for bankruptcy.  The information was false and was no based upon any credible information.  Brent Robinson disseminated the information by publication and telephone to the detriment of Atlanta-Birmingham Automotive Group, LLC.

Brent Robinson, acting in his capacity as a Next Gear employee/representative, used his relationship with Next Gear to facilitate the removal of automobiles from Atlanta – Birmingham Automotive lot.

Atlanta Birmingham suffered tremendous reputation issues to the false information dissemination.  Atlanta- Birmingham out of pocket damages were caused by the false statements and allegations made by Brent Robinson.  The publication of the false statements has continued to damage the viability of Atlanta-Birmingham's business reputation.

Next Gear's management and supervisors were aware of Brent Robinson's actions as an agent of their company.  Next Gear's management never stopped Brent Robinson from his actions.  Next Gear approved the dissemination of the false information or by their inaction used a callous disregard for the harm Brent Robinson was causing using their company and a stepping stone for the illegal and false activity.

4.      The plaintiffs re-allege and incorporate by reference paragraphs 1-4 above with the same force and effect as if fully stated in specific detail herein below.

## FIRST CLAIM - DEFAMATION

1. The defendant intentionally defamed the plaintiff.

2. The defendant transmitted said communication to as third party.

3. The information transmitted by the defendant had no basis in truth.

4. The defendant posted said false communication in a place where plaintiff's friends, relatives and business clients received said fallacious information.

5. The communication is not privileged.

6. The plaintiff did not consent to the libelous and/or slanderous statements.

## SECOND CLAIM LIBEL PER SE

7. The plaintiff incorporates by reference the preceding paragraphs.

8. The defendant published by e-mail a false and malicious matter of and concerning the plaintiff which embodied an accusation of crime or exposed the plaintiff to public ridicule or contempt, namely, the plaintiff was in or on the verge of bankruptcy and the business would default on its obligations to its clients and lenders.

## THIRD CLAIM SLANDER PER SE

9. The plaintiff incorporates by reference the preceding paragraphs.

10. The defendant orally communicated a false and malicious matter of and concerning the plaintiff which embodied an accusation of crime or exposed the plaintiff to public ridicule or contempt, namely, that plaintiff was in bankruptcy, the business was not able to meet its financial obligations and would default on its clients and lenders.

## FOURTH CLAIM – NEGLIGENCE

11. The defendant incorporates by reference the preceding paragraphs.

12. By reason of defendant's negligence plaintiff was injured in their business or property. Plaintiff suffered damages, namely to its reputation as well as the diminished ability to operate for a time.

13. Next assumed the duty of care to provide truthful information about Atlanta Birmingham by way of contract.

14. Next Gear breached that duty of care by providing false and malicious statements about the plaintiff with the intent to harm the business and its relationships with the financial institutions. The result of which was a loss of reputation and sales.

15. Next Gear also appropriated inventory from the plaintiff under false pretenses. The plaintiff was unable to sale the vehicles which were removed from their property location and therefore their possession.

16. Next Gear has caused irreparable damage to the plaintiff's reputation. Moreover, the plaintiff has lost actual inventory due to the actions of agents of Next Gear.

## FIFTH CLAIM - WANTONESS

17. The plaintiff incorporates by reference the preceding paragraphs.

18. The defendant consciously acted or omitted some duty under knowledge of existing conditions and conscious those from the doing of such act or omission of such duty an injury will likely or probably result. Defendant with reckless indifference to the consequences either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury to the plaintiff.

## SIXTH CLAIM - BREACH OF CONTRACT

19. The plaintiff incorporates by reference the preceding paragraphs.

20.     The parties entered into a legally enforceable contract on or about February 2013.

21.     The defendant did willfully breach said contract without cause and/or justification.

22.     Plaintiff was damaged as a direct result of defendant's breach of contract.

WHEREFORE, Plaintiff prays for judgment against defendant Next Gear, as follows:

1.      For threefold the damages actually sustained and the costs of suit, in a sum not less than Three Hundred Thousand ($300,000) Dollars, including a reasonable attorney's fee, with interest thereon at the rate of twelve percent (12%) per annum, compensatory damages, punitive damages;

2.      For such other and further relief as the Court may deem appropriate;

3.      For such other and further relief as the Court may deem proper and just in the premises (including but not limited to compensatory and punitive damages), and;

4.      For trial by jury on all issues so triable.

Respectfully Submitted,

Charles I. Brooks, Atty. Code BRO167
**THE BROOKS FIRM, P.C.**
2 North 20th Street, Suite 1100
Birmingham, AL 35203
205.320.0005
205-443-6677(fax)


**<u>Defendant</u>**

Next Gear Capital Inc.
c/o CSC Lawyers Incorporating Services Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104



**Wolters Kluwer**
Corporate Legal Services

| **CT Corporation**

2 N Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctcorporation.com

## FILED IN OFFICE

### DEC 3 1 2013

**ANNE-MARIE ADAMS**
**Clerk**

COPY

December 23, 2013

Charles I. Brooks
The Brooks Firm, P.C.
2 North 20th street, Suite 1100,
Birmingham, AL 35203

Doo 1

Re:  Atlanta-Birminham Automotive Group, LLC., Pltf. vs. Next Gear Capital, Dft.

Case No.  CV201300933

Dear Sir/Madam:

After checking our records and the records of the State of AL, it has been determined that C T Corporation System
is not the registered agent for an entity by the name of NEXTGEAR CAPITAL, INC..

Accordingly, we are returning the documents received from you.

Very truly yours,


C T Corporation System

Log# 524103080

Sent By Regular Mail

cc:  Jefferson County Circuit Court
      Jefferson Co. Courthouse Room 400,
      716 Richard Arrington, Jr. Blvd North,
      Birmingham, AL  35203


**(Returned To)**

Charles I. Brooks
The Brooks Firm, P.C.
2 North 20th street, Suite 1100,
Birmingham, AL  35203

AVSO 05

ALABAMA JUDICIAL DATA CENTER
JEFFERSON      COUNTY

ORDER FOR SERVICE AND RETURN

CV 2013 000933.00
CARYL PENNEY PRIVETT

-----------------------------------------------------------------

IN THE CIRCUIT  COURT OF JEFFERSON       COUNTY

ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP LLC   VS   NEXT GEAR CAPITAL

SERVE ON:  D001

NEXT GEAR CAPITAL
% CSC LAWYERS INCORPORATI
2 N JACKSON ST STE 605
MONTGOMERY     ,AL  36104-0000

NOTES:
    SUMMONS & COMPLAINT

-----------------------------------------------------------------

TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
        YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
        TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.

    12/16/2013   DATE          CLERK: ANNE-MARIE ADAMS           BY: ALH
                                RM 400 JEFF CO COURTHOUSE
                                BIRMINGHAM  AL   35203
                                (205)325-5355

-----------------------------------------------------------------

I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
    DOCUMENT IN Montgomery       COUNTY, ALABAMA
    TO:

    Jimmy Burns                        _____
                                       SIGNATURE OF SERVER

                                       23 Dec 2013
    NAME / ADDRESS ABOVE               DATE

-----------------------------------------------------------------

OPERATOR: ALH
PREPARED: 12/16/2013


FILED IN OFFICE

JAN 23 2014

ANNE-MARIE ADAMS
Clerk

# IN THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

ATLANTA-BIRMINHAM
AUTOMOTIVE GROUP, LLC,

  Plaintiff,

v.           CASE NO. 2013-0933

NEXT GEAR CAPITAL

  Defendants.

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION
FEB 21 2014
ANNE-MARIE ADAMS
CLERK
```

### Motion For Default Judgment

  **COMES NOW the Plaintiff, Atlanta Birmingham Automotive Group, LLC** by and through their undersigned counsel and submits this Motion for Default.  In support of said motion plaintiff states as follows:

  1.  On December 23, 2013, the defendant was duly served with the above styled complaint.

  2.  The defendant has not answered or responded in any way.  More than thirty (30) days have passed since the service of this complaint.

  3.  The plaintiff has attached the application and affidavit for entry of default judgment.

  4.  The plaintiff request entry of default and a hearing date to determine damages.

Respectfully Submitted,

/s/ Charles I. Brooks

Charles I. Brooks, Atty. Code BRO167
**THE BROOKS FIRM, P.C.**
2 North 20th Street, Suite 1100
Birmingham, AL  35203
205.320.0005
205-443-6677(fax)

IN THE CIRCUIT COURT
OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ATLANTA-BIRMINHAM | * |
| AUTOMOTIVE GROUP, LLC, | * |
| | * |
| **Plaintiff,** | * |
| vi. | *     CASE NO. 2013-0933 |
| | * |
| NEXT GEAR CAPITAL | * |
| | * |
| **Defendants.** | * |

## Certificate of Service

I hereby certify that above and forgoing was filed into court using Ala-file which will deliver a copy of the foregoing to the plaintiffs on this the 21st day of February, 2013.

<u>pc:</u>

Next Gear Capital Inc.
c/o CSC Lawyers Incorporating Services Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104

*Is/ Charles I. Brooks*
Charles I. Brooks

| State of Alabama Unified Judicial System | APPLICATION AND AFFIDAVIT FOR ENTRY OF DEFAULT JUDGMENT | Case Number |
|---|---|---|
| Form C-25A    Rev. 6/07 | | |

IN THE _____ Circuit _____ COURT OF _____ Jefferson County _____ , ALABAMA
(Circuit or District)                                                    (Name of County)

Atlanta- Birmingham, LLC _____ v. _____ Next Gear Capitol
Plaintiff                                                                Defendant

☑ I, affiant, request that the ☐ clerk of court, or ☑ judge, pursuant to Rule 55(b), Alabama Rules of Civil Procedure (ARCP), enter a default judgment against the above - named defendant,* in the above case for the defendant's failing to plead, answer, or otherwise defend

The affiant, _____ Charles I. Brooks _____ , being duly sworn, states as follows:

1. That the affiant has personal knowledge of the facts set forth in the affidavit.
2. That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on (date) ____ 12/23/13 ____
3. That more than ____ 30 ____ days have elapsed since the defendant was served with a summons and a copy of the Statement of Claim/Compliant.
4. That the defendant has failed to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
5. That this affidavit is executed by the affiant in accordance with Rule 55(b), ARCP, for the purpose of enabling the plaintiff to obtain a default judgment against the defendant. for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
6. That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of Ala. Code 1975, Chapter 19, Title 5.
7. That the defendant ☐ is ☑ is not in military service.
8. Judgment Conditions: ☐ with ☑ without waiver of exemptions.
9. That the amount of money claimed by the defendant to the plaintiff is
   ☑ THE SUM OF      $ ____ 1 million ____ , which is to be determined as follows:
   Principal Balance   $ _____
   Interest            $ _____
   Attorney Fee        $ _____ (if requesting attorney's fees, it must be determined by the judge, not the clerk).
   (if provided by contract, note at law)

☐ SPECIFY PROPERTY (Describe, on a separate sheet of paper, property of which the plaintiff demanded right to possession from the defendant in the Statement of Claim/Complaint.)

10. The affiant requests entry of judgment:  ☑ By the Court    Name of Affiant: ____ Charles I. Brooks ____
                                              ☐ By the Clerk    Signature of Affiant: _____
                                                                Affiant's Home or Business Address (if not represented by an attorney).

Sworn To and Subscribed Before Me This

Date: 2/7/14                                                    _____
_____ Notary                      City          State          Zip Code
Officer's Signature        Title         Name of Attorney: ____ Charles I. Brooks ____
Expiration 8/31/15                       Signature of Attorney: _____
                                         Business Address of Attorney: ____ 275 Forest Road, Ste 100 ____
                                                                        Hueytown, Alabama 35023
                                         City          State          Zip Code

☐ Default judgment is hereby rendered against the defendant in the amount of $ _____

_____                              _____
Date                                      Judge/Clerk

☐ Default judgment is hereby rendered against the defendant and the plaintiff is awarded right to posession of the property sworn to in the affidavit above.

_____                              _____
Date                                      Judge/Clerk

**CERTIFICATE OF SERVICE ON OTHER PARTIES**

I hereby certify that a copy of this Application, Affidavit, and Entry of Default Judgment has been    Signed _____
sent, by first class mail, postage prepaid, to all parties who are not in default in this case.

Rule 68, ARCP
* Separate form shall be completed for each defendant in cases involving multiple defendants.
  Pursuant to Ala. Code 1975, §12-19-71(a) (10), a filing fee is required when seeking a default judgment pursuant to Rule 55(b), ARCP.

Original – Court File          Copy – Plaintiff          Copy - Defendant

| STATE OF ALABAMA | Revised 3/5/08 | Case No. |
|---|---|---|
| Unified Judicial System | ☐ District Court ☑ Circuit Court | CV - 2013 - 0933 |

| Style of case: | CIVIL MOTION COVER SHEET |
|---|---|
| ATL-BHM LLC v. Next Grav | Name of Filing Party: Atlanta - Birmingham LLC |

| Name, Address, and Telephone No. of Attorney or Party (If Not Represented). | ☐ Oral Arguments Requested |
|---|---|
| Attorney Bar No.: | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☑ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| ☐ Local Court Costs $ _____ | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| Hearing Date: | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
FEB 21 2014
ANNE-MARIE ADAMS
CLERK

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 2.21.⬛14 | Signature of Attorney or Party: |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
2/28/2014 9:19 AM
01-CV-2013-000933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:   CV-2013-000933.00 |
| | ) | |
| NEXT GEAR CAPITAL, | ) | |
| Defendant. | ) | |

**ORDER**

MOTION FOR DEFAULT JUDGMENT filed by ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP LLC is hereby GRANTED.  This case is hereby set for a Hearing on damages on April 8, 2014 at 9:00 A.M.

**DONE this 28ᵗʰ day of February, 2014.**

/s/ CARYL PENNEY PRIVETT
**CIRCUIT JUDGE**

 **Wolters Kluwer**
Corporate Legal Services

| CT Corporation

2 N Jackson Street
Suite 605
Montgomery, AL 36104

800 592 9023 tel
www.ctcorporation.com



March 05, 2014

> **FILED IN OFFICE**
> **CIRCUIT CIVIL DIVISION**
> **MAR 1 0 2014**
> **ANNE-MARIE ADAMS**
> **CLERK**



Caryl P. Privett
Circuit Judge
550 Jefferson County Courthouse,
716 Richard Arrington, Jr. Blvd North,
Birmingham, AL  35203

Re:  Atlanta-Birminham Automotive Group, LLC., Pltf. vs. Next Gear Capital, Dft.

Case No.  CV201300093300

Dear Sir/Madam:

After checking our records and the records of the State of AL, it has been determined that C T Corporation System
is not the registered agent for an entity by the name of NEXTGEAR CAPITAL, INC..

Accordingly, we are returning the documents received from you.

Very truly yours,

C T Corporation System

Log# 524517582

Sent By Regular Mail

cc: Jefferson County Circuit Court
    Jefferson Co. Courthouse Room 400,
    716 Richard Arrington, Jr. Blvd North,
    Birmingham, AL  35203

**(Returned To)**

Caryl P. Privett
Circuit Judge
550 Jefferson County Courthouse,
716 Richard Arrington, Jr. Blvd North,
Birmingham, AL  35203

ELECTRONICALLY FILED
4/3/2014 2:32 PM
01-CV-2013-000933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **ATLANTA-BIRMINGHAM** | ) | |
| **AUTOMOTIVE GROUP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-13-000933** |
| | ) | |
| **NEXTGEAR CAPITAL, INC.,** | ) | **Set for hearing:** |
| | ) | **April 8, 2014 at 9:00 a.m.** |
| **Defendant.** | ) | |

**MOTION TO SET ASIDE DEFAULT JUDGMENT**

Defendant NextGear Capital, Inc. ("**Defendant**") hereby requests that this Court enter an Order setting aside its February 28, 2014 Order granting Plaintiff's Motion for Default Judgment. As grounds therefor, Defendant would show unto the Court as follows:

**BACKGROUND**

1.      Plaintiff commenced this action by filing its Complaint on December 5, 2013.

2.      On Page 5 of the Complaint, Plaintiff appears to request that the Clerk of Court effect service on Defendant by serving its registered agent, CSC Lawyers Incorporating Services, Inc. ("**CSC**") at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

3.      Although Defendant's registered agent is CSC, the aforementioned address is not a valid address for CSC. CSC's correct address is 150 South Perry Street, Montgomery, Alabama 36104.

4.      The aforementioned North Jackson Street address is the address of CT Corporation System ("**CT**"), another entity corporate entities commonly engage to serve as their registered agent. CT and CSC are two completely separate entities.

5.      Attached hereto as **Exhibit A** are printouts from the Alabama Secretary of State website showing the correct address of Defendant's registered agent and the address of CT.

6.      The record contains a Return of Service indicating that Defendant's registered agent, CSC, was served by personal delivery on December 23, 2013.  However, this Return of Service also indicates that this personal delivery was made at CT's address.  Again, this is not a valid address for CSC, Defendant's registered agent.

7.      CT never notified Defendant of the existence of this lawsuit.

8.      Because Plaintiff's attempted service was made on CT, not CSC, Defendant was never properly served as required under Rule 4 of the Alabama Rules of Civil Procedure.

9.      The record contains two letters from CT, dated December 23, 2013 and March 5, 2014, respectively, stating that CT is not the registered agent for Defendant.

10.     On February 21, 2014, Plaintiff filed a Motion for Default Judgment.  In this Motion, Plaintiff states that "[o]n December 23, 2013, the defendant was duly served with the above styled complaint."  However, as explained above, this statement is incorrect.

11.     On February 28, 2014, this Court entered an Order granting Plaintiff's Motion for Default Judgment.  The February 28 Order did not assess damages against Defendant, but set a hearing to determine damages on April 8, 2014.

12.     On or about March 24, 2014, Defendant received a letter from Plaintiff's counsel, dated March 23, 2014, enclosing a copy of the Complaint and the Motion for Default Judgment.  A true and correct copy of the aforementioned letter is attached hereto as **Exhibit B**.

13.     Prior to its receipt of the March 23, 2014 letter, Defendant was completely unaware of the pendency of this action.  This was the first notice Defendant received of the existence of this matter.

**ARGUMENT**

14.     The default judgment entered against Defendant on February 28, 2014 is void and should be set aside due to Plaintiff's failure to serve Defendant with process as required under Rule 4.  Alternatively, if the default judgment is not set aside on that basis, it should be set aside pursuant to Rule 55(c) of the Alabama Rules of Civil Procedure.

**I.     *The default judgment is void due to failure of service.***

15.     The default judgment entered against Defendant is void because Defendant was never served with process and, therefore, this Court never acquired personal jurisdiction over Defendant.  *See Dennis v. Still Waters Residential Ass'n, Inc.*, 18 So. 3d 959, 962 (Ala. Civ. App. 2009) ("Because [the plaintiff] failed to properly serve [the defendant] . . . the trial court did not acquire jurisdiction over [the defendant]. . . . Therefore, the default judgment against [the defendant] is void.").

16.     In Paragraphs 2 through 8 of this Motion, Defendant demonstrates that it was never properly served with process.

17.     Accordingly, the default judgment should be set aside.

**II.     *The default judgment should be set aside under Ala. R. Civ. P. 55(c).***

18.     Because the default judgment entered on February 28, 2014 was entered as to liability only and reserves the assessment of damages, it is "'an interlocutory default judgment.'" *Ex parte Family Dollar Stores of Ala., Inc.*, 906 So. 2d 892, 896 (Ala. 2005) (quoting *Ex parte Keith*, 771 So. 2d 1018, 1019 (Ala. 1998)).

19.     Since the February 28 default judgment is an interlocutory default judgment (as opposed to a final default judgment), Defendant has "no need to resort to Rule 60(b), Ala. R.

Civ. P." to have it set aside. *Family Dollar Stores*, 906 So. 2d at 897. Rather, the less stringent standard of Rule 55(c) applies. *Id.*

20. "[W]hen exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable." *Id.* (quoting *Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.*, 524 So. 2d 600, 604 (Ala. 1988).

21. Further, "a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct." *Kirtland*, 524 So. 2d at 605.

A.   <u>Defendant has several meritorious defenses to Plaintiff's claims.</u>

22. To demonstrate that it has a "meritorious defense," a defaulting defendant must demonstrate that it is prepared to present a defense "of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case." *Sampson v. Cansler*, 726 So.2d 632, 634 (Ala.1998). "To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury." *Id.*

23. In the Complaint, Plaintiff asserts claims of "Defamation," "Libel Per Se," "Slander Per Se," "Negligence," "Wantoness [sic]," and "Breach of Contract." Defendant has several meritorious defenses to each of these claims.

24.     First, each of Plaintiff's claims should be dismissed because the Complaint does not meet the pleading standard set forth in Ala. R. Civ. P. 8(a).  The Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Traywick v. Kidd*, Civ. App. No. 2120344, 2013 WL 6511666 (Ala. Civ. App. Dec. 13, 2013).   For example, although Plaintiff asserts a claim of Breach of Contract, the only reference in the Complaint to the existence of any contract appears at Paragraph 20, wherein the Plaintiff alleges that "[t]he parties entered into a legally enforceable contract on or about February 2013."  The only allegation relating to the breach of the contract states that "[t]he defendant did willfully breach said contract without cause and/or justification."  (Compl., ¶  21).  The Complaint contains no other allegation identifying the contract or alleging how it was breached.  Thus, the Complaint contains no "statement of circumstances, occurrences, and events in support of the claim presented" as required under Rule 8(a).  *See* Committee Comments, Ala. R. Civ. P. 8.

25.     Second, Plaintiff's claims of Defamation, Slander, and Libel should be dismissed because the Complaint does not plead special damages with particularity as required under Ala. R. Civ. P. 9(g).  Even if proven true, the allegations supporting these claims are not actionable *per se*.  *See Ceravolo v. Brown*, 364 So. 2d 1155, 1157 (Ala. 1978) ("[T]o constitute slander actionable *per se*, there must be an imputation of an indictable offense involving infamy or moral turpitude.").  Therefore, the existence of special damages is an element of these claims.  *See id*. at 1156 (stating that, because the plaintiff did not allege any special damages, "[t]o state a claim, [plaintiff's] allegations must charge slander *per se*").  Plaintiff has not "specifically stated" any special damages in its Complaint as is required under Rule 9(g).  Failure to plead special damages is grounds for dismissal of the Defamation, Slander, and Libel claims.  *See id*. at 1157.

26.     Third, the Complaint is due to be dismissed unless Plaintiff is served with a copy of the Summons and Complaint on or before April 4, 2014.  Ala. R. Civ. P. 4(b) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . may dismiss the action without prejudice."   Since the Complaint was filed on December 5, 2013, Plaintiff must serve Defendant on or before April 4, 2014 in order to meet the 120-day requirement of Rule 4(b).

27.     Finally, Defendant has a meritorious defense because it denies each of the material allegations of the Complaint and demands strict proof thereof.  In *Family Dollar Stores*, the Alabama Supreme Court found that this is sufficient to establish that a defendant has a meritorious defense.  906 So. 2d at 901.

B.     <u>Plaintiff will not be unfairly prejudiced if the default judgment is set aside.</u>

28.     To warrant denial of a motion under Rule 55(c), "[t]he prejudice [to the plaintiff] must be substantial."  *Sampson*, 726 So. 2d at 635.   "Mere delay or increased costs are not sufficient to justify a refusal to set aside a default judgment."  *Id*.

29.     Setting aside a default does not prejudice a plaintiff when a case is in its early stages.  *See Hinson v. Webster Indus.*, 240 F.R.D. 687, 693 (M.D. Ala. 2007) (stating that permitting a decision on the merits would not prejudice the plaintiff because the case was in its early stages, a scheduling order had not been entered, and discovery had not commenced).

30.     This case is in its early stages.  There is no scheduling order and discovery has not commenced.

31.     Moreover, the Court has not made a finding of damages, nor has it entered a final judgment.

32.     Thus, there will be no prejudice to Plaintiff if the default judgment is set aside.

     C.     <u>The default judgment was not the result of culpable conduct by Defendant</u>.

33.     "To warrant a refusal to set aside a default judgment, the defaulting party's actions must constitute willful conduct or conduct committed in bad faith." *Ex parte Gilliam*, 720 So. 2d 902, 906 (Ala. 1998).

34.     It would have been impossible for Defendant's nonresponse to the Complaint to have resulted from willful conduct.  As demonstrated above, Defendant did not become aware of the pendency of this matter until on or about March 24, 2014, at which time it immediately began scrambling to respond to the Complaint and to the entry of the default judgment.  It is logically impossible for an entity to willfully refrain from responding to a matter of which it is unaware.

35.     Thus, the default judgment did not result from culpable conduct by Defendant.

     WHEREFORE, Defendant requests that this Court enter an Order setting aside the interlocutory default judgment entered against Defendant.

     Respectfully submitted on this 3rd day of April 2014.

                                         /s/ Russell Rutherford
                                       Giles Perkins (PER043)
                                       Russell J. Rutherford (RUT018)
                                       Attorneys for NextGear Capital, Inc.

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North
Suite 3000
Birmingham, Alabama  35203
Telephone:  (205) 250-5000
Facsimile:  (205) 250-5034

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of April 2014, I electronically filed the foregoing using the Alafile system, which will automatically notify the following:

Charles I. Brooks, Esq.
The Brooks Law Firm, P.C.
275 Forest Road
Suite 100
Hueytown, AL 35023
thebrooksfirm2@yahoo.com

*/s/ Russell Rutherford*
OF COUNSEL



ELECTRONICALLY FILED
4/3/2014 2:32 PM
01-CV-2013-000933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT A

## Government Records
## ALABAMA SECRETARY OF STATE
### JIM BENNETT

Home     Government Records     Business Entities     Search     Details

## Business Entity Details

| NextGear Capital, Inc. | |
|---|---|
| Entity ID Number | 931 - 525 |
| Entity Type | Foreign Corporation |
| Principal Address | 1320 CITY CENTER DRIVE, SUITE 100 CARMEL, IN 46032 |
| Principal Mailing Address | 1320 CITY CENTER DRIVE, SUITE 100 CARMEL, IN 46032 |
| Status | Exists |
| Place of Formation | Delaware |
| Formation Date | 2-11-2005 |
| Qualify Date | 10-14-2005 |
| Registered Agent Name | CSC LAWYERS INCORPORATING SRV INC |
| Registered Office Street Address | 150 SOUTH PERRY STREET MONTGOMERY, AL 36104 |
| Registered Office Mailing Address | 150 SOUTH PERRY STREET MONTGOMERY, AL 36104 |
| Nature of Business | |
| Capital Authorized | |
| Capital Paid In | |

| Annual Reports | |
|---|---|

Annual Report information is filed and maintained by the Alabama Department of Revenue.
If you have questions about any of these filings, please contact Revenue's Business Privilege Tax Division at 334-242-1170 or www.ador.alabama.gov. The Secretary of State's Office cannot answer questions about or make changes to these reports.

| Report Year | 2006   2007   2008   2009   2010   2011   2012 |
|---|---|

| Transactions | |
|---|---|
| Transaction Date | 3-8-2010 |
| Registered Agent Changed From | THE CORPORATION COMPANY 2000 INTERSTATE PARK DR STE 204 MONTGOMERY, AL 36109 |
| Transaction Date | 3-7-2011 |
| Fictitious Name Changed From | Discover DSC Corporation |
| Transaction Date | 3-7-2011 |
| Principal Office Changed From | 11555 N MERIDIAN ST STE 220 CARMEL, IN 46032 |
| Transaction Date | 3-7-2011 |
| Principal Mailing Address Changed From | 11555 N MERIDIAN ST STE 220 CARMEL, IN 46032 |
| Transaction Date | 4-5-2012 |
| Registered Agent Changed From | C T CORPORATION SYSTEM 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |
| Transaction Date | 4-5-2012 |
| Agent Mailing Address Changed From | C T CORPORATION SYSTEM 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |
| Transaction Date | 2-5-2013 |
| Legal Name Changed From | Dealer Services Corporation |

| Scanned Documents | |
|---|---|

Click here to purchase copies.

| Document Date / Type / Pages | 10-14-2005 | Articles of Formation | 2 pgs. |
| Document Date / Type / Pages | 3-8-2010 | Registered Agent Change | 1 pg. |
| Document Date / Type / Pages | 3-7-2011 | Articles of Amendment | 2 pgs. |
| Document Date / Type / Pages | 3-7-2011 | Miscellaneous Entry | 1 pg. |
| Document Date / Type / Pages | 4-5-2012 | Registered Agent change | 2 pgs. |
| Document Date / Type / Pages | 2-5-2013 | Articles of Amendment | 8 pgs. |
| | | | |

**Browse Results**      **New Search**

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993



Home     Government Records     Business Entities     Search     Details

## Business Entity Details

| | |
|---|---|
| C T Corporation System | |
| Entity ID Number | 851 - 167 |
| Entity Type | Foreign Corporation |
| Principal Address | 100 W 10TH ST WILMINGTON, DE |
| Principal Mailing Address | Not Provided |
| Status | Exists |
| Place of Formation | Delaware |
| Formation Date | 0-0-0 |
| Qualify Date | 9-8-1936 |
| Registered Agent Name | C T CORPORATION SYSTEM |
| Registered Office Street Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |
| Registered Office Mailing Address | Not Provided |
| Nature of Business | ACT AS AGENTS FOR CORPORATIONS |
| Capital Authorized | |
| Capital Paid In | |

### Annual Reports

Annual Report information is filed and maintained by the Alabama Department of Revenue.
If you have questions about any of these filings, please contact Revenue's Business Privilege Tax Division at 334-242-1170 or www.ador.alabama.gov. The Secretary of State's Office cannot answer questions about or make changes to these reports.

| Report Year | 1988  1989  1990  1991  1992  1993  1994  1995  1996 1997  1998  1999  2000  2001  2002  2003  2004  2005 2006  2007  2008  2009  2010  2011  2012  2013 |
|---|---|

### Transactions

| | |
|---|---|
| Transaction Date | 12-27-1950 |
| Miscellaneous Filing Entry | AMENDMENT FILED |
| Transaction Date | 3-1-1966 |
| Registered Agent Changed From | BALL JR, FRED S BALL SR, FRED S 1ST NATL BK BLDG MONTGOMERY, AL |
| Transaction Date | 12-20-1971 |
| Miscellaneous Filing Entry | AMENDMENT FILED |
| Transaction Date | 8-5-1974 |
| Registered Agent Changed From | BALL JR, FRED S BALL SR, FRED S 200 S LAWRENCE ST MONTGOMERY, AL |
| Transaction Date | 12-6-1976 |
| Miscellaneous Filing Entry | AMENDMENT FILED |
| Transaction Date | 6-14-1977 |
| Registered Agent Changed From | THE CORPORATION COMPANY 200 S LAWRENCE ST MONTGOMERY, AL |
| Transaction Date | 8-8-1983 |
| Registered Agent Changed From | THE CORPORATION COMPANY ONE COURT SQUARE MONTGOMERY, AL |

| Transaction Date | 1-31-1994 |
| Legal Name Merged | MCCORD COMPANY (DE) Non-Qualified Foreign Into Qualified |
| Transaction Date | 2-21-1995 |
| Legal Name Merged | TRADEMARK RESEARCH CORPORATION (DE-NQ) Non-Qualified Foreign Into Qualified |
| Transaction Date | 3-8-2010 |
| Registered Agent Changed From | THE CORPORATION COMPANY<br>2000 INTERSTATE PARK DRIVE STE 204<br>MONTGOMERY, AL 36109 |

**Scanned Documents**

Click here to purchase copies.

| Document Date / Type / Pages | 3-1-1966 | Registered Agent Change | 1 pg. |
| Document Date / Type / Pages | 8-5-1974 | Registered Agent Change | 1 pg. |
| Document Date / Type / Pages | 6-14-1977 | Registered Agent Change | 1 pg. |
| Document Date / Type / Pages | 3-8-2010 | Registered Agent Change | 1 pg. |

Browse Results    New Search

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

ELECTRONICALLY FILED
4/3/2014 2:32 PM
01-CV-2013-000933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT B

# THE BROOKS LAW FIRM, P. C.

275 Forest Road, Suite 100

Hueytown, AL 35023

(205) 320-0005

thebrooksfirm2@yahoo.com

March 23, 2014

Next Gear Capitol
Attn:  Legal Department
1320 City Center Drive,Suite 100
Carmel, IN 46032

   Re: Atlanta Birmingham vs. Next Gear Capital LLC
      Case # CV-2013-300933

Dear Sir/Madam:

   Enclosed is a copy of the complaint in this matter along with a copy of our Motion for Default.

Sincerely,

Charles I. Brooks

/pnd
Enclosure

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>[C] [V] [ ] [ ] [ ] [ ] [ ] [ ] . [ ] [ ]<br><br>Date of Filing:   Judge Code:<br>[ ] [ ] Month  [ ] [ ] Day  [ ] [ ] [ ] [ ] Year<br>CV-2013-00933 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____BIRMINGHAM_____, **ALABAMA**

*(Name of County)*

ATLANTA-BIRMINHAM * AUTOMOTIVE GROUP, LLC,  v.  NEXT GEAR CAPITAL

**Plaintiff**                    **Defendant**

**First Plaintiff**  [✓] Business   [ ] Individual      **First Defendant**  [✓] Business   [ ] Individual
                     [ ] Government [ ] Other                                [ ] Government [ ] Other

---

**NATURE OF SUIT:   Select primary cause of action, by checking box** *(check only one)* **that best characterizes your action:**

**TORTS: PERSONAL INJURY**

[ ] WDEA - Wrongful Death
[ ] TONG - Negligence: General
[ ] TOMV - Negligence: Motor Vehicle
[ ] TOWA - Wantonness
[ ] TOPL - Product Liability/AEMLD
[ ] TOMM - Malpractice-Medical
[ ] TOLM - Malpractice-Legal
[ ] TOOM - Malpractice-Other
[ ] TBFM - Fraud/Bad Faith/Misrepresentation
[ ] TOXX - Other: _____

**TORTS: PROPERTY INJURY**

[ ] TOPE - Personal Property
[ ] TORE - Real Property

**OTHER CIVIL FILINGS**

[ ] ABAN - Abandoned Automobile
[ ] ACCT - Account & Nonmortgage
[ ] APAA - Administrative Agency Appeal
[ ] ADPA - Administrative Procedure Act
[ ] ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

[ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
[ ] CVRT - Civil Rights
[ ] COND - Condemnation/Eminent Domain/Right-of-Way
[ ] CTMP - Contempt of Court
[ ] CONT - Contract/Ejectment/Writ of Seizure
[ ] TOCN - Conversion
[ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
[ ] CVUD - Eviction Appeal/Unlawful Detainer
[ ] FORJ - Foreign Judgment
[ ] FORF - Fruits of Crime Forfeiture
[ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
[ ] PFAB - Protection From Abuse
[ ] FELA - Railroad/Seaman (FELA)
[ ] RPRO - Real Property
[ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
[ ] COMP - Workers' Compensation
[ ] CVXX - Miscellanous Circuit Civil Case

---

**ORIGIN** *(check one):*   F [✓] INITIAL FILING   A [ ] APPEAL FROM DISTRICT COURT   O [ ] OTHER: _____

R [ ] REMANDED   T [ ] TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**   [✓] YES   [ ] NO

**Note:** Checking "Yes" **does not** constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   [✓] MONETARY AWARD REQUESTED   [ ] NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   [B] [R] [O] [1] [6] [7]   Date ___/ 4 /13___   _____
Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   [✓] YES   [ ] NO   [ ] UNDECIDED

| State of Alabama<br>Unified Judicial System<br><br>C-34J    4/82 | **SUMMONS — CIVIL** | Case Number<br>C V 2 0 1 3 0 0 9 3 3<br>CV<br>ID    YR    Number |
| --- | --- | --- |

IN THE    **CIRCUIT**    COURT OF    **JEFFERSON**    COUNTY

Plaintiff  ATLANTA-BIRMINHAM
        AUTOMOTIVE GROUP, LLC    vs  Defendant  NEXT GEAR CAPITAL

NOTICE TO  Next Gear Next Gear Capital Inc.,c/o CSC Lawyers Incorporating Services Inc.

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY_____ Charles I. Brooks _____
_____ The Brooks Law Firm, P.C. _____ WHOSE ADDRESS IS _____
_____ 2 North 20th Street, Suite 1100, Birmingham, AL 35203 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN__30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

☐  This service by certified mail of this summons is initiated upon the written request of_____
    pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

FILED IN OFFICE
_____    _____    By:_____
DATE    CLERK/REGISTER    DEC 05 2013

ANNE-MARIE ADAMS
Clerk

RETURN ON SERVICE:

☐  Certified Mail return receipt received in this office on (Date)_____
    (Return receipt hereto attached).

☐  I certify that I personally delivered a copy of the Summons and Complaint to_____
    _____in_____County, Alabama
    on (Date)_____.

_____    _____
DATE    SERVER SIGNATURE
ADDRESS
OF SERVER _____    _____
    _____    TYPE OF PROCESS SERVER

**COURT RECORD (White)    ADDRESSEE (Green)**

IN THE CIRCUIT COURT
OF JEFFERSON COUNTY, ALABAMA

**FILED IN OFFICE**

**DEC 05 2013**

**ANNE-MARIE ADAMS**
**Clerk**

ATLANTA-BIRMINHAM      *
AUTOMOTIVE GROUP, LLC,     *
                        *

     **Plaintiff,**          *

v.                     *     **CASE NO.**

NEXT GEAR CAPITAL      *         CV201300933
                        *
                        *

     **Defendants.**         *

## COMPLAINT

COMES NOW the Plaintiff, **Atlanta Birmingham Automotive Group, LLC** by

and through their undersigned counsel and submits this Complaint.

### I. Jurisdiction

1.     Jurisdiction in this Court is based on Alabama Common Law, and all

allegations of wrongdoing took place within the State of Alabama.

### II. Parties

2.     Plaintiff, Atlanta Birmingham Automotive Group, LLC, (hereafter referred to as

"Plaintiff") is a small business working within the State of Alabama during the time of the

allegations made the basis of this complaint.

3.     Defendant, Next Gear Capital, LLC, (hereafter referred to as

"Defendant") is an entity subject to suit under Alabama State Law because it is located

within the State of Alabama, Jefferson County, and employs agents in Jefferson County,

Alabama.

## III. Facts

On or about June 2013, Brent Robinson informed several financial institutions Atlanta –Birmingham Automotive Group LLC was filing for bankruptcy.  The information was false and was no based upon any credible information.  Brent Robinson disseminated the information by publication and telephone to the detriment of Atlanta-Birmingham Automotive Group, LLC.

Brent Robinson, acting in his capacity as a Next Gear employee/representative, used his relationship with Next Gear to facilitate the removal of automobiles from Atlanta – Birmingham Automotive lot.

Atlanta Birmingham suffered tremendous reputation issues to the false information dissemination.  Atlanta- Birmingham out of pocket damages were caused by the false statements and allegations made by Brent Robinson.  The publication of the false statements has continued to damage the viability of Atlanta-Birmingham's business reputation.

Next Gear's management and supervisors were aware of Brent Robinson's actions as an agent of their company.  Next Gear's management never stopped Brent Robinson from his actions.  Next Gear approved the dissemination of the false information or by their inaction used a callous disregard for the harm Brent Robinson was causing using their company and a stepping stone for the illegal and false activity.

4.      The plaintiffs re-allege and incorporate by reference paragraphs 1-4 above with the same force and effect as if fully stated in specific detail herein below.

## FIRST CLAIM - DEFAMATION

1. The defendant intentionally defamed the plaintiff.

2. The defendant transmitted said communication to as third party.

3. The information transmitted by the defendant had no basis in truth.

4. The defendant posted said false communication in a place where plaintiff's friends, relatives and business clients received said fallacious information.

5. The communication is not privileged.

6. The plaintiff did not consent to the libelous and/or slanderous statements.

## SECOND CLAIM LIBEL PER SE

7. The plaintiff incorporates by reference the preceding paragraphs.

8. The defendant published by e-mail a false and malicious matter of and concerning the plaintiff which embodied an accusation of crime or exposed the plaintiff to public ridicule or contempt, namely, the plaintiff was in or on the verge of bankruptcy and the business would default on its obligations to its clients and lenders.

## THIRD CLAIM SLANDER PER SE

9. The plaintiff incorporates by reference the preceding paragraphs.

10. The defendant orally communicated a false and malicious matter of and concerning the plaintiff which embodied an accusation of crime or exposed the plaintiff to public ridicule or contempt, namely, that plaintiff was in bankruptcy, the business was not able to meet its financial obligations and would default on its clients and lenders.

## FOURTH CLAIM – NEGLIGENCE

11. The defendant incorporates by reference the preceding paragraphs.

12. By reason of defendant's negligence plaintiff was injured in their business or property. Plaintiff suffered damages, namely to its reputation as well as the diminished ability to operate for a time.

13. Next assumed the duty of care to provide truthful information about Atlanta Birmingham by way of contract.

14. Next Gear breached that duty of care by providing false and malicious statements about the plaintiff with the intent to harm the business and its relationships with the financial institutions. The result of which was a loss of reputation and sales.

15. Next Gear also appropriated inventory from the plaintiff under false pretenses. The plaintiff was unable to sale the vehicles which were removed from their property location and therefore their possession.

16. Next Gear has caused irreparable damage to the plaintiff's reputation. Moreover, the plaintiff has lost actual inventory due to the actions of agents of Next Gear.

## FIFTH CLAIM - WANTONESS

17. The plaintiff incorporates by reference the preceding paragraphs.

18. The defendant consciously acted or omitted some duty under knowledge of existing conditions and conscious those from the doing of such act or omission of such duty an injury will likely or probably result. Defendant with reckless indifference to the consequences either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury to the plaintiff.

## SIXTH CLAIM - BREACH OF CONTRACT

19. The plaintiff incorporates by reference the preceding paragraphs.

20.     The parties entered into a legally enforceable contract on or about February 2013.

21.     The defendant did willfully breach said contract without cause and/or justification.

22.     Plaintiff was damaged as a direct result of defendant's breach of contract.

WHEREFORE, Plaintiff prays for judgment against defendant Next Gear, as follows:

1.     For threefold the damages actually sustained and the costs of suit, in a sum not less than Three Hundred Thousand ($300,000) Dollars, including a reasonable attorney's fee, with interest thereon at the rate of twelve percent (12%) per annum, compensatory damages, punitive damages;

2.     For such other and further relief as the Court may deem appropriate;

3.     For such other and further relief as the Court may deem proper and just in the premises (including but not limited to compensatory and punitive damages), and;

4.     For trial by jury on all issues so triable.

Respectfully Submitted,

Charles I. Brooks, Atty. Code BRO167
**THE BROOKS FIRM, P.C.**
2 North 20th Street, Suite 1100
Birmingham, AL  35203
205.320.0005
205-443-6677(fax)


## Defendant

Next Gear Capital Inc.
c/o CSC Lawyers Incorporating Services Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104

IN THE CIRCUIT COURT
OF JEFFERSON COUNTY, ALABAMA

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION

FEB 21 2014

ANNE-MARIE ADAMS
CLERK
```

ATLANTA-BIRMINHAM    *
AUTOMOTIVE GROUP, LLC,    *
       *
    Plaintiff,    *
v.             *    CASE NO. 2013-0933
       *
NEXT GEAR CAPITAL    *
       *
       *
    Defendants.    *

### Motion For Default Judgment

**COMES NOW the Plaintiff, Atlanta Birmingham Automotive Group, LLC** by and through their undersigned counsel and submits this Motion for Default. In support of said motion plaintiff states as follows:

1. On December 23, 2013, the defendant was duly served with the above styled complaint.

2. The defendant has not answered or responded in any way. More than thirty (30) days have passed since the service of this complaint.

3. The plaintiff has attached the application and affidavit for entry of default judgment.

4. The plaintiff request entry of default and a hearing date to determine damages.

~1~

Respectfully Submitted,

*/s/ Charles I. Brooks*
Charles I. Brooks, Atty. Code BRO167
**THE BROOKS FIRM, P.C.**
2 North 20th Street, Suite 1100
Birmingham, AL  35203
205.320.0005
205-443-6677(fax)

# IN THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

ATLANTA-BIRMINHAM       *
AUTOMOTIVE GROUP, LLC,       *
      *
     Plaintiff,       *
vi.       *      CASE NO. 2013-0933
      *
NEXT GEAR CAPITAL       *
      *
Defendants.       *

## <u>Certificate of Service</u>

I hereby certify that above and forgoing was filed into court using Ala-file which will deliver a copy of the foregoing to the plaintiffs on this the 21st day of February, 2013.

<u>pc:</u>

Next Gear Capital Inc.
c/o CSC Lawyers Incorporating Services Inc.
2 North Jackson St., Suite 605
Montgomery, AL 36104

*/s/ Charles I. Brooks*
Charles I. Brooks

˘3˘

| State of Alabama<br>Unified Judicial System<br><br>Form C-25A   Rev. 6/07 | **APPLICATION AND AFFIDAVIT FOR<br>ENTRY OF DEFAULT JUDGMENT** | **Case Number** |
|---|---|---|

IN THE _____ Circuit _____ **COURT OF** _____ Jefferson County _____ , **ALABAMA**
                  *(Circuit or District)*                                     *(Name of County)*

_____ Atlanta- Birmingham, LLC _____ v. _____ Next Gear Capital/Brent Robinson _____
                     **Plaintiff**                                      **Defendant**

☑ I, affiant, request that the ☐ clerk of court, or ☑ judge, pursuant to Rule 55(b), Alabama Rules of Civil Procedure (ARCP), enter a default judgment against the above - named defendant,* in the above case for the defendant's failing to plead, answer, or otherwise defend.

The affiant, _____ Charles I. Brooks _____ , being duly sworn, states as follows:

1. That the affiant has personal knowledge of the facts set forth in the affidavit.
2. That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on (date) ___12/23/13___ .
3. That more than ___30___ days have elapsed since the defendant was served with a summons and a copy of the Statement of Claim/Compliant.
4. That the defendant has failed to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
5. That this affidavit is executed by the affiant in accordance with Rule 55(b), ARCP, for the purpose of enabling the plaintiff to obtain a **default judgment** against the defendant, for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
6. That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of Ala. Code 1975, Chapter 19, Title 5.
7. That the defendant ☐ is ☑ is not in military service.
8. Judgment Conditions: ☐ with ☑ without waiver of exemptions.
9. That the amount of money claimed by the defendant to the plaintiff is
     ☑ THE SUM OF    $___1 million___ , which is to be determined as follows:
     Principal Balance    $_____
           Interest    $_____
       Attorney Fee    $_____ (if requesting attorney's fees, it must be determined by the judge, not the clerk).
     (If provided by contract, note or law)

☐ SPECIFY PROPERTY (Describe, on a separate sheet of paper, property of which the plaintiff demanded right to possession from the defendant in the Statement of Claim/Complaint.)

10. The affiant requests entry of judgment: ☑ By the Court    Name of Affiant: _____ Charles I. Brooks _____
                                                 ☐ By the Clerk    Signature of Affiant: _____

Sworn To and Subscribed Before Me This      Affiant's Home or Business Address (if not represented by an attorney):

Date: _____                                 _____

                                          City           State           Zip Code
_____      _____    Name of Attorney: _____ Charles I. Brooks _____
Officer's Signature           Title           Signature of Attorney: _____
                                            Business Address of Attorney: 275 Forest Road, Ste 100
                                                  Hueytown, Alabama 35023
                                          City           State           Zip Code

☐ Default judgment is hereby rendered against the defendant in the amount of $ _____

_____
Date

☐ Default judgment is hereby rendered against the defendant and the plaintiff is awarded right to posession of the property sworn to in the affidavit above.

_____                    Judge/Clerk
Date

### CERTIFICATE OF SERVICE ON OTHER PARTIES

I hereby certify that a copy of this Application, Affidavit, and Entry of Default Judgment has been    Signed _____
sent, by first class mail, postage prepaid, to all parties who are not in default in this case.

**Rule 55, ARCP**
\* Separate form shall be completed for each defendant in cases involving multiple defendants.
   Pursuant to Ala. Code 1975, §12-19-71(a) (10), a filing fee is required when seeking a default judgment pursuant to Rule 55(b), ARCP.

**Original – Court File**      **Copy – Plaintiff**      **Copy - Defendant**