FILED

2014 Apr-30  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ATLANTA-BIRMINGHAM AUTOMOTIVE GROUP, LLC,** | ) ) ) ) | |
| **Plaintiff,** | ) | **Case No.: 14-cv-629-WMA** |
| **v.** | ) ) ) | |
| **NEXTGEAR CAPITAL, INC.,** | ) ) | |
| **Defendant.** | ) | |

## DEFENDANT NEXTGEAR CAPITAL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR TRANSFER VENUE

On April 21, 2014, Defendant NextGear Capital, Inc. ("**Defendant**") filed its Motion to Dismiss and/or Transfer Venue (Doc. 6) (the "**Motion**") and its memorandum in support thereof (Doc. 7) (the "**Memorandum**"). On April 28, 2014, Plaintiff Atlanta-Birmingham Automotive Group, LLC ("**Plaintiff**") filed its "Response to Defendant's Motion to Transfer Venue" (Doc. 9) (the "**Response**"). In light of the limited Response, each and every one of Plaintiff's claims is due to be dismissed because Plaintiff has abandoned those claims.

In the Motion and Memorandum, Defendant moved this Court to dismiss all claims asserted by Plaintiff in its Complaint because (1) Plaintiff has failed to perfect proper service on Defendant; (2) Plaintiff fails to meet the applicable

pleading standard as to its claims of defamation, slander *per se*, libel *per se*, and breach of contract; and (3) Plaintiff fails to state a claim for any and all of the tort claims it has attempted to assert.  In the alternative, to any extent that all claims are not dismissed for these listed reasons, Defendant moved the Court to transfer venue pursuant to a forum-selection clause binding both parties with venue being mandated in either in Marion or Hamilton County, State of Indiana.

In the Response, Plaintiff only responds to that portion of the Motion and Memorandum relating to the transfer of venue.  Plaintiff's Response fails to address Defendant's arguments in favor of dismissal of all claims with prejudice. As such, Plaintiff has abandoned its claims.

A plaintiff abandons a claim when it fails to respond to a motion to dismiss attacking it.  *See, e.g.*, *Costine v. BAC Home Loans*, Case No. 2:12-cv-3722-LSC, 2013 WL 2248098, at *4, *8 (N.D. Ala. May 21, 2013) (holding that plaintiffs abandoned certain claims by failing to respond to defendant's motion to dismiss) (citing *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000)); *Prickett v. BAC Homes Loans*, Case No. 2:12-cv-0826-LSC, 2013 WL 2248135, at *3, *9 (N.D. Ala. May 21, 2013) (same).

For example, in *Costine*, the plaintiffs sued the defendant for, among other things, unjust enrichment and breach of fiduciary duty.  2013 WL 2248098, at *4, *8.  The defendant moved to dismiss the claims for unjust enrichment and breach

of fiduciary duty, arguing that plaintiffs had failed to state a claim upon which relief can be granted. *Id.* at *4, *8. Plaintiffs did not respond to either of these arguments. Accordingly, the district court dismissed both claims on the grounds that the plaintiffs abandoned them. *Id.* at *4, *8 ("Plaintiffs failed to offer any response to Defendant's argument, and therefore have abandoned their [unjust enrichment and breach of fiduciary duty claims].").

Here, Defendant established in its Memorandum that each and every claim asserted by Plaintiff is due to be dismissed. Plaintiff did not respond to these arguments or attempt to confront any of the authorities cited in the Memorandum. Thus, Plaintiff abandoned each of the claims asserted in its Complaint which, in any event, fail as a matter of law. Thus, Plaintiff's claims must be dismissed with prejudice.

Respectfully submitted on this 30th day of April 2014.

*/s/ Russell Rutherford*
Giles Perkins (PER043)
Russell J. Rutherford (RUT018)
Attorneys for NextGear Capital, Inc.

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North
Suite 3000
Birmingham, Alabama  35203
Telephone:  (205) 250-5000
Facsimile:  (205) 250-5034

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2014, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following:

Charles I. Brooks, Esq.
The Brooks Law Firm, P.C.
275 Forest Road
Suite 100
Hueytown, AL 35023
thebrooksfirm2@yahoo.com

/s/ Russell Rutherford
OF COUNSEL